# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BENJAMIN ASHLEY, et al.<br><br>　　　　　　　　　　　　Defendants. | CASE NO.: 07cv1164-BEN (BLM)<br><br>**ORDER REMANDING CASE TO STATE COURT AND MOOTING OTHER PENDING MOTIONS** |

　　　　Upon inquiry into its own jurisdiction, the Court finds that it is lacking subject matter jurisdiction to adjudicate this dispute and orders the case be remanded back to state court.

　　　　Title 28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division *embracing the place where such action is pending*." (Emphasis added). *See also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953). This case was initially filed in the Superior Court of California, County of Riverside. Riverside County sits within the district of the United States District Court for the Central District of California. Therefore, removal could only be proper in the Central District of California. Remand to the state court from which an action was removed is the remedy for incorrect removal. *See* 28 U.S.C. § 1447(c) ("[a] certified copy of the order of remand shall be mailed by the clerk to the clerk

of the State court. The State court may thereupon proceed with such case.")

In this case, however, even if removal had been to the correct district, removal would still have been improper because this Court lacks subject matter jurisdiction. Federal courts have limited jurisdictional power, and therefore, are under a continuing duty to confirm their subject matter jurisdiction over a particular case before reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). Subject matter jurisdiction may be raised at any time by any party or by the court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523 U.S. at 94 (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868))). "A federal court is presumed to lack jurisdiction . . . unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Title 28 U.S.C. §1447(c) states that, "*[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.*" (Emphasis added.) Subject matter jurisdiction is limited to either federal question jurisdiction or jurisdiction based upon diversity of citizenship. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). In this case, neither is present and the only claim for relief is a state claim for unlawful detainer. Accordingly, the case is remanded back to state court. *See* 28 U.S.C. §1447(c)

Therefore, this Court **REMANDS** to the Superior Court of California, County of Riverside. All other pending motions are **DENIED** as moot. The Clerk of Court shall mail a certified copy of this Order to the State court.

**IT IS SO ORDERED**.

DATED: August 8, 2007

Hon. Roger T. Benitez
United States District Judge

cc: All parties and respective counsel